[No. 3353.   Feb. 28, 1930.]

CARMICHAEL & DAUGHTRY v. HERNDON.

[286 Pac. 160.]

Patton & Patton, of Clovis, for appellant.

Tomlinson Fort, of Roswell, for appellee.

OPINION OF THE COURT

WATSON, J.

Appellees recovered judgment upon a check given to them by appellant and upon which the latter stopped payment.

The defense was that the check was given for an assignment of oil rights upon part of the acreage held under a state oil lease; that appellees agreed to hold the check until the assignment should have been approved by the Commissioner of Public Lands, whereupon they would attach it to the assignment, with the Commissioner's approval indorsed thereon, and forward for collection; that appellees did in fact immediately foward the check for collection, and failed to obtain the approval of the Commissioner or to deliver the lease; for which reasons it was claimed the consideration had failed.

The trial court found that there was no agreement to hold the check; that the lease was actually delivered at the time; and that thereafter, at appellant's request, appellees agreed to send it to the Commissioner for his approval and for record, with instructions to forward it to appellant. These findings are supported by substantial evidence, and will not be disturbed.

The court also found, however, that the assignment had not been approved by the Commissioner, and that, though he had mailed it to appellant at Roswell, it had not been received. Upon these findings appellant urges that he was entitled to judgment. He argues that, as this lease

was assignable only with the approval of the lessor, failure to obtain it invalidated the assignment, and that the consideration thus failed.

There is no merit in this contention under the facts in this case. The reason that the Commissioner did not approve the assignment was, as found by the court, a defect in the acknowledgment, and, as appears from the evidence, the failure of the notary public to attach his seal. The Commissioner, as appears, simply sent the assignment back for correction in this respect. By error he sent it to Roswell instead of Clovis, where appellant resides. The original assignment could easily have been corrected or a new assignment obtained. Even if appellant is correct in his proposition of law, the facts will not sustain his theory of failure of consideration.

The judgment will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.
CATRON and SIMMS, JJ., did not participate.